IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARI TOMASIAN, | ) No. C 10-3219 JSW (PR) |
| Plaintiff, | ) **ORDER OF DISMISSAL** |
| v. | ) |
| ANTHONY HEDGPETH, et al., | ) |
| Defendants. | ) |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983. His application to proceed *in forma pauperis* is granted in a separate order. This Court now reviews the complaint pursuant to 28 U.S.C. § 1915A, and dismisses it without prejudice.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff contends that Defendants falsified evidence against him that led to his being disciplined him for possession of a syringe in his cell.  According to the records of the disciplinary proceedings attached to the complaint, Plaintiff forfeited 120 days of good time credits as punishment for violating prison rules.  Plaintiff seeks to have the disciplinary findings dismissed and to have Defendants suspended and disciplined for their misconduct.

A claim that, if proven, would restore time credits is properly raised in a federal habeas petition, not a civil rights complaint, because if the claim is proven true it would affect the duration of a prisoner's custody insofar as it would entitle him to earlier release.  *See Butterfield v. Bai*l, 120 F.3d 1023, 1024 (9th Cir. 1997); *Young v. Kenny*, 907 F.2d 874, 876-78 (9th Cir. 1990); *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir.

1989); *see also Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (any claim by a prisoner attacking the fact or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code). Because Plaintiff forfeited time credits in connection with his discipline, if his claim challenging those disciplinary proceedings were successful, his time credits would be restored and the duration of his custody would be shortened. Thus, Plaintiff's sole avenue for challenging the disciplinary proceedings in federal court is to file a petition for writ of habeas corpus after he exhausts state court remedies. Accordingly, this case will be dismissed without prejudice to Plaintiff's raising his claims in a properly exhausted federal habeas petition. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

## CONCLUSION

This case is DISMISSED without prejudice.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: November 29, 2010

*Jeffrey S. White*

                      JEFFREY S. WHITE
                      United States District Judge

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

ARI TOMASIAN,

        Plaintiff,

  v.

ANTHONY HEDGPETH et al,

        Defendant.

Case Number: CV10-03219 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 29, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ari Tomasian
#P-80246
P.O. Box 5246
Corcoran, CA 93212

Dated: November 29, 2010

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk